CROMMETTE v. BERG.

(Supreme Court, Appellate Term. June 30, 1908.)

1. WITNESSES—TESTIFYING FROM MEMORANDUM—BILL OF PARTICULARS.
   It was error to permit plaintiff to testify to an essential point in a case merely from the bill of particulars over the signature of her attorney, which she did not appear to have seen and to support which she put in no evidence.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 893.]

2. PAYMENT—VOLUNTARY PAYMENT—RECOVERY.
   Where plaintiff, in order to avoid a lis pendens filed by defendant which was preventing a sale of the property, after being advised by counsel, voluntarily paid defendant $1,668.19 as the amount due him under a contract and as an inducement to his permitting plaintiff to carry out the sale, she could not recover any part of such payment, in the absence of an allegation of mistake, fraud, or duress.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, §§ 253–266.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Jessie B. Crommette against Louis Rodney Berg. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Leon Kronfeld, for appellant.
Frank Trenholm, for respondent.

MacLEAN, J. This judgment might be reversed for allowing, over objection and exception, the plaintiff to testify to an essential point in her case merely from the bill of particulars over the signature of her attorney, which she does not appear to have ever seen and to support which she put in no items of evidence. The complaint was oral, and for "breach of contract." She put in evidence the contract, showing

that the parties had bought a piece of property, paid $2,500 down, one-quarter (i. e., $625) being paid by the defendant and three-quarters (i. e., $1,875) by the plaintiff; that they should share in equal proportions the remainder on taking title, and any expenses; also that, in consideration of having secured the purchase of the property and rendering other services, Mr. Berg should have one half of the net profits and Mrs. Crommette the other half on a sale. The property sold for $35,000, less three mortgages for $25,500—$20,000, $5,000, and $500, respectively—apparently leaving a balance of $9,500 to be accounted for by Mrs. Crommette, who took title in her own name and conducted the whole transaction. In her testimony the plaintiff said her "equity" was $9,000, and, being asked on cross-examination respecting the unaccounted for $500, said the defendant borrowed that for his lawyer—a statement denied by the defendant and of which plaintiff furnished no substantiation. The payments down by the respective parties, $625 and $1,875, seem to have been their entire outlay. The disbursements claimed to have been made by the plaintiff, amounting to $3,105.51, are of the sort commonly made at the time of passing a title, often through the purchaser or his agent; e. g., a title company, the services of which were herein had, it seems, from a charge therefor in the bill of particulars.

Adding the input of $2,500, the disbursements, $3,105.51, and deducting their total of $5,605.51 from the "equity" admitted by the plaintiff, there would be $3,394.49 to be divided between the parties according to the contract; i. e., $1,697.25 to each. Mrs. Crommette, the plaintiff, received $2,000 in cash and a mortgage, of which latter she assigned to Mr. Berg an interest for $1,668.19, a little less than his apparent share. That looked like a settlement of the whole transaction, and as such it was testified to have been by Mr. Berg, who said he relinquished claims of his in compromise. The plaintiff's claim is that this was an overpayment; that the defendant's credit should have been $1,472, instead of $1,668.19—i. e., that he should have been charged with disbursements not mentioned in her bill of particulars, and not stated in her evidence, and that she paid him under protest, because he held up the sale.

Even if that could be spelled out from the plaintiff's varying statements, she could not recover the sum she asked, or any sum, in this action. There were differences at the time of closing the sale, and negotiations lasting between three and four hours; for the defendant, having heard of the sale made by the plaintiff without his knowledge, filed a lis pendens for his own protection. In this situation, and advised by counsel learned in the law, the plaintiff voluntarily made the payment under the contract as an inducement to be allowed to carry out the transaction. Under these circumstances, without allegation of mistake or fraud, or of payment under duress, she cannot in this action recover back what she has paid. The judgment in her favor was rendered, therefore, in error, and should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.